FILED
IN CLERK'S OFFICE
US DISTRICT COURT
★ FEB 15 2013
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X

PHILIP WASSER,

                         Plaintiff,

     - against -

UNITED STATES OF AMERICA,

                         Defendant.

----------------------------------------------------------- X

**MEMORANDUM
DECISION AND ORDER**

13 Civ. 0793 (BMC)

**COGAN**, District Judge.

Plaintiff *pro se* filed three actions in the Supreme Court of the State of New York, County of Kings, each against a different judge of the United States Court of Appeals for the Second Circuit. The United States removed the three cases to this Court under one notice of removal, and substituted itself as defendant. See 28 U.S.C. § 2679(d)(1). For the reasons set forth below, the cases are dismissed.

## BACKGROUND

Plaintiff's underlying state court actions against the three Second Circuit judges pertain to his appeal of this Court's decision in Wasser v. Battista, No. 12-CV-2120 (RRM) (JO) (E.D.N.Y. May 4, 2012), dismissing plaintiff's complaint. The Second Circuit dismissed plaintiff's appeal for failure to pay the filing fee. Wasser v. Batista, No. 12-2018 (2d Cir. July 11, 2012).

Plaintiff thereafter commenced his state court actions by request for judicial intervention and summons with notice; on the request form, he checked off the tort category "other negligence," with "abuse of power" as the explanation. Plaintiff also checked off the box "other

tort," and explained "they say I cane [sic] not sue." In all three cases, plaintiff executed and filed, but did not serve, a summons with notice in which he stated that the nature of the action is "bais [sic] harrsment [sic] & more." In his Motion Information Statement, plaintiff threatens, among other things, "If I do not gete [sic] my case in court soon, I am taking all 3 judge[s] to a civil court for bais [sic] and I can prove it . . . I have the right to sue in civil court that's what I will do if it will take me 20 years I will fight it in civil court."

## DISCUSSION

Courts must assume the truth of "all well-pleaded, nonconclusory factual allegations" in a complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 123 (2d Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009). A complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007). Although "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft, 556 U.S. at 662, 129 S. Ct. 1937, 1949 (quoting Twombly, 550 U.S. at 555, 127 S. Ct. 1955). Similarly, a complaint is insufficient to state a claim "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 557, 127 S. Ct. 1955).

It is axiomatic that *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys, and the Court is required to read plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests. See Erickson v. Pardus, 551 U.S. 89, 127 S. Ct. 2197 (2007); Triestman v. Fed. Bureau of Prisons, 470 F.3d 471 (2d Cir. 2006) (citation and internal quotation marks omitted).

Here, plaintiff has brought suit against three federal judges for dismissing his appeal, an act the judges took pursuant to their judicial authority. It is well-settled that judges have absolute immunity from suit for judicial acts performed in their judicial capacities. See Mireles v. Waco, 502 U.S. 9, 11, 112 S. Ct. 286 (1991) (per curiam) (finding that this absolute "judicial immunity is not overcome by allegations of bad faith or malice," nor can a judge "be deprived of immunity because the action he took was in error . . . or was in excess of his authority") (quoting Stump v. Sparkman, 435 U.S. 349, 356, 98 S. Ct. 1099 (1978)); Bliven v. Hunt, 579 F.3d 204 (2d Cir. 2009); Huminski v. Corsones, 386 F.3d 116 (2d Cir. 2004). Moreover, in cases of judicial immunity, a court may dismiss a complaint *sua sponte*, without affording a hearing or other notice of dismissal. See Tapp v. Champagne, 164 Fed. App'x 106 (2d Cir. 2006) (summary order) (affirming *sua sponte* dismissal of § 1983 claims against judges protected by absolute immunity); Fisch v. Consulate General of Republic of Poland, Nos. 11 Civ. 4182 (SAS), 11 Civ. 4183 (SAS), 2011 WL 3847398 (S.D.N.Y. Aug. 30, 2011) (dismissing, *sua sponte*, claims against four federal judges from suit under doctrine of judicial immunity).

Although pro se plaintiffs are ordinarily afforded an opportunity to amend their complaint, see Tracy v. Freshwater, 623 F.3d 90 (2d Cir. 2010), leave may be denied where amendment would be futile. See Cuoco v. Moritsugu, 222 F.3d 99 (2d Cir. 2000). Since plaintiff could not add any plausible allegation to his complaint that would render his suit viable, leave to amend is denied.

## CONCLUSION

Accordingly, these cases are dismissed. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis*

3

status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 82 S. Ct. 917 (1962).

**SO ORDERED.**

_____
U.S.D.J.

Dated: Brooklyn, New York
February 14, 2013